**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**ANDREW SANDLER,**

     **Plaintiff,**                            **CIVIL ACTION NO. 13-cv-13000**

     **v.**                                     **DISTRICT JUDGE MARIANNE O. BATTANI**

**I.C. SYSTEM, INC.,**                  **MAGISTRATE JUDGE MONA K. MAJZOUB**

     **Defendant.**

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S**
**MOTIONS FOR PROTECTIVE ORDER [12] AND [18]**

This matter comes before the Court on Defendant I.C. System, Inc.'s Motion for Protective Order With Respect to Plaintiff's Notice of Rule 30(b)(6) Deposition Duces Tecum (Docket no. 12) and Motion for Protective Order With Respect to Plaintiff's Second Notice of Rule 30(b)(6) Deposition Duces Tecum (Docket no. 18). Plaintiff responded to Defendant's motions (Docket nos. 14 and 22), and Defendant replied to Plaintiff's responses (Docket nos. 16 and 23). The motions have been referred to the undersigned for consideration. (Docket nos. 13 and 19.) The parties have fully briefed the motions; the Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.**     **Background**

On July 12, 2013, Plaintiff Andrew Sandler filed a complaint against Defendant, an alleged "debt collector," for alleged violations of the Fair Debt Collection Practices Act (FDCPA), the Telephone Consumer Protection Act (TCPA), the Michigan Occupational Code, and the Michigan Collection Practices Act, as well as common law negligence. (Docket no. 1.) Factually, Plaintiff

alleges that Defendant began calling Plaintiff in August 2012 to collect a debt and continued to call him even after he notified Defendant in writing to stop calling him. (*Id*. at 2-3.) Plaintiff further alleges that Defendant called Plaintiff's relatives and disclosed Plaintiff's alleged debt to them, and that Defendant made false threats of legal action against Plaintiff. (*Id*. at 3.)

Plaintiff served Defendant with his first Notice of Taking Deposition Duces Tecum of Defendant's Designated Representative Pursuant to Federal Rule of Civil Procedure 30(b)(6) on September 24, 2013. (Docket no. 12-2.) Plaintiff also served Defendant with his First Request for Production of Documents (RFP) on the same date. (Docket no. 12 at 3; Docket no. 12-3.) Then, on October 24, 2013, Defendant filed its first Motion for Protective Order With Respect to Plaintiff's Notice of Rule 30(b)(6) Deposition Duces Tecum. (Docket no. 12.) While this motion was pending before the Court, Plaintiff filed a second Notice of Taking Deposition Duces Tecum of Defendant's Designated Representative Pursuant to Rule 30(b)(6) on December 4, 2013. (Docket no. 18-3.) As a result, on December 16, 2013, Defendant filed its second Motion for Protective Order With Respect to Plaintiff's Second Notice of Rule 30(b)(6) Deposition Duces Tecum. (Docket no. 18.) Defendant's two Motions for Protective Order are currently pending before the Court.

**II.     Law and Analysis**

     **A.     Defendant's Motion for Protective Order With Respect to Plaintiff's Notice of Rule 30(b)(6) Deposition Duces Tecum [12]**

In its initial motion, Defendant asserts that there is good cause for the Court to grant a protective order because it would be unduly burdensome for Defendant to prepare a corporate witness to testify regarding Plaintiff's deposition topics and to comply with Plaintiff's Duces Tecum requests. (*See* docket no. 12.) As relief, Defendant requests that the Court grant its Motion for Protective Order and either limit or strike the deposition topics that Defendant specifically objects

to in its brief and strike the Duces Tecum section of Plaintiff's Rule 30(b)(6) deposition notice in its entirety. (*Id*. at 4.)

Federal Rule of Civil Procedure 26(c) allows the Court to issue a protective order for good cause shown to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. In his response to Defendant's motion, Plaintiff argues that Defendant has not met its burden of showing good cause for a protective order by citing to cases that specifically discuss protective orders in terms of protecting confidential information and trade secrets. (Docket no. 14 at 4-6.) Plaintiff's argument that Defendant has not met its burden of showing good cause fails. The Court finds that Defendant has shown good cause for a protective order and will address the specific deposition topics at issue and Plaintiff's Duces Tecum requests below.

### 1. Plaintiff's Deposition Topics

Plaintiff's first Notice of Rule 30(b)(6) Deposition Duces Tecum requests that Defendant prepare a corporate representative to testify regarding matters known or reasonably available to Defendant including, but not limited to, 38 distinct topics. (Docket no. 12-2 at 3-7.) Defendant argues that not only is the deposition topic portion of the notice overbroad on its face, but several of the topics are overbroad as written and/or relate to irrelevant or privileged information. (*Id*. at 13-14.) Out of the 19 specific objections to Plaintiff's deposition topics that Defendant raised in its motion, Plaintiff responds to only four. (Docket no. 14 at 3-4.) In three of those specific responses, Plaintiff argues that deposition topic nos. 8, 11, 22, and 29 are appropriate because the information sought is "clearly relevant," without regard to whether they are overbroad. (*Id*. at 3.) Plaintiff's fourth specific response is to topic no. 18 in which Plaintiff concedes that the topic is overbroad and offers to limit it to the time period in which Defendant possessed Plaintiff's account.

(*Id*. at 3-4.) The Court will now address the 19 topics that Defendant specifically objected to in its motion.

While deposition testimony regarding topic nos. 8, 11, 12, 23, 26, 27, 29, 33, 35, 37, and 38 may reasonably lead to the discovery of admissible evidence in some aspects, the Court finds that these topics are overbroad as written and that the burden of preparing a witness to testify regarding these far-reaching topics far outweighs the likely benefit. Thus, the Court will strike these topics from Plaintiff's Notice of Rule 30(b)(6) Deposition Duces Tecum.

Plaintiff's Rule 30(b)(6) topic nos. 18, 19, and 21 regarding Defendant's telephone and other related service providers are also overbroad as written. The Court finds that Defendant's proposed limitation to only entities which provided services "that were used in connection with collection efforts related solely to Plaintiff" is too narrow. On the other hand, the Court finds that Plaintiff's proposed temporal limitation for topic no. 18 to "the time period in which Defendant possessed [] [P]laintiff's account" does not limit the topic sufficiently. Thus, the Court will adopt neither of the proposed limitations and will strike these topics from Plaintiff's deposition notice. The Court will also strike Plaintiff's Rule 30(b)(6) topic no. 22 as it is not described with reasonable particularity, Rule 30(b)(6) topic no. 30 as irrelevant, and Rule 30(b)(6) topic no. 34 as more appropriately discoverable by other means.

With regard to Plaintiff's Rule 30(b)(6) topic no. 9, "Corporate Defendant's investigation into the claims made by Plaintiff in the Complaint filed herein," the Court will order Defendant to designate a witness to testify to any non-privileged information responsive to this topic. And with regard to Rule 30(b)(6) topic no. 31, the Court will limit same to "all correspondence between Defendant and the original creditor of the debt which was the subject of the Corporate Defendant's

collection efforts toward Plaintiff which relate to the Plaintiff's collection account."

### 2. Plaintiff's Duces Tecum Requests

The Duces Tecum section of Plaintiff's first Rule 30(b)(6) Deposition Notice requires that Defendant (1) bring all documents responsive to the 38 deposition topics to the deposition; (2) bring all documents responsive to Plaintiff's First Request for Production of Documents to the deposition; and (3) produce documents and things related to 18 additional document requests "prior to the time of" deposition pursuant to Rules 30 and 34. (Docket no. 12-2 at 7-10.) The 18 additional document requests are substantially similar to items in Plaintiff's First Request for Production. (*Compare* docket no. 12-2 at 7-10 *with* docket no. 12-3.)

Defendant argues that Plaintiff's demand that Defendant bring documents relating to the 38 deposition topics and Plaintiff's RFPs to the deposition is overbroad and burdensome. (Docket no. 12 at 21-23.) Defendant also argues that by the time of deposition, Defendant will have already responded to Plaintiff's RFPs via either the production of documents or objections and that Plaintiff must first move to resolve any objections. (*Id.* at 23.) With respect to the 18 additional document requests, Defendant argues that they are better addressed under Rule 34 of the Federal Rules of Civil Procedure. (*Id.* at 24-25.) Plaintiff does not address these arguments in his response to Defendant's motion.

The Duces Tecum section of Plaintiff's deposition notice instructs Defendant to produce documents responsive to several document requests, some of which Defendant has properly objected to in its response to Plaintiff's First Request for Production of Documents. The Court is not aware of how Defendant's specific objections to Plaintiff's RFPs correlate to the document requests in Plaintiff's deposition notice, as Defendant's response to Plaintiff's First Request for Production of

5

Documents has not been attached as an exhibit to any of the instant pleadings. Plaintiff cannot compel Defendant to produce documents in the Duces Tecum section of a Rule 30(b)(6) deposition notice which are the subject of unresolved discovery issues under Rule 34. Thus, the Court will strike without prejudice the Duces Tecum portion of Plaintiff's Notice of Taking Rule 30(b)(6) Deposition Duces Tecum in its entirety.

### B. Defendant's Motion for Protective Order With Respect to Plaintiff's Second Notice of Rule 30(b)(6) Deposition Duces Tecum [18]

While Defendant's initial Motion for Protective Order was pending before the Court, Plaintiff served Defendant with a Second Notice of Taking Deposition Duces Tecum on December 4, 2013. (Docket no. 18-3.) Plaintiff's second deposition notice is essentially the same as his first deposition notice, with the exception of a new deposition date and location, a few minor word changes, and the addition of 23 TCPA-related document requests in the Duces Tecum section of the notice. (*Compare* docket no. 18-2 *with* docket no. 18-3.)

Defendant filed a Motion for Protective Order with regard to Plaintiff's second deposition notice on December 16, 2013. (Docket no. 18.) In this motion, Defendant incorporates the arguments made in its first Motion for Protective Order and also requests that the additional 23 TCPA-related document requests be stricken. (*Id*. at 14-16.) Plaintiff asserts, in his response to Defendant's motion, that the additional 23 TCPA-related topics are deposition topics for which Defendant must designate a witness to testify and asks the Court to "offer guidance" on a forthcoming motion to compel regarding his Requests for Production.[1] (Docket no. 22 at 8-9.) Both parties request attorney fees. (Docket no. 18 at 16; Docket no. 22 at 1.)

---

[1] The undersigned will not address or "offer guidance" on any discovery motion that has not yet been filed with the Court.

6

As noted above, Plaintiff's second Rule 30(b)(6) deposition notice is substantially similar to his first deposition notice, to which Defendant objected in its first Motion for Protective Order. Plaintiff asserts that the additional 23 TCPA-related document requests in the Duces Tecum section of his second notice are actually deposition topics. The Court disagrees, as the additional 23 items are only presented in the "Duces Tecum" section, not in the "Deposition Topics" section. Furthermore, many of the 23 additional TCPA-related document requests appear to be overbroad as written. In its motion, Defendant indicated that it would respond to these document requests pursuant to Rule 34 under separate cover (Docket no. 18 at 16); it is unclear to this Court if Defendant has done so. Nevertheless, it is improper for Plaintiff to demand that Defendant produce a Rule 30(b)(6) deposition witness and documents in response to discovery requests to which Defendant has already objected. Seemingly, Plaintiff was disingenuously trying to circumvent the discovery process by filing his second deposition notice rather than appropriately addressing and resolving Defendant's objections to Plaintiff's discovery requests. filing a motion to compel. Consequently, the Court will grant Defendant's Motion for Protective Order With Respect to Plaintiff's Second Notice of Rule 30(b)(6) Deposition Duces Tecum and strike Plaintiff's second deposition notice in its entirety. Additionally, the Court will order Plaintiff to pay Defendant's reasonable expenses and attorney's fees pursuant to Fed. R. Civ. P. 26(c)(3) and 37(a)(5). The Court will also, therefore, order Defendant to submit a Bill of Costs.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Protective Order With Respect to Plaintiff's Notice of Rule 30(b)(6) Deposition Duces Tecum [12] is **GRANTED** as follows:

  a. The following deposition topics are stricken from Plaintiff's Notice of Taking

7

        Deposition Duces Tecum of Defendant's Designated Representative Pursuant to Federal Rule of Civil Procedure 30(b)(6): Topic nos. 8, 11, 12, 18, 19, 21, 22, 23, 26, 27, 29, 30, 33, 34, 35, 37, 38;

b.    Deposition Topic nos. 9 and 31 are limited by the Court as described above;

c.    The Duces Tecum section is stricken in its entirety; and

d.    Should Plaintiff elect to voluntarily rescind his first Notice of Rule 30(b)(6) Deposition, he must provide notice to Defendant of such rescission within seven days of this Opinion and Order. In the alternative, Defendant must designate one or more representatives to testify regarding the deposition topics in Plaintiff's notice not stricken by the Court within 30 days of this Opinion and Order. The deposition of Defendant's designated representative(s) must be completed within 60 days of this Opinion and Order at a place and time mutually convenient to the parties.

**IT IS FURTHER ORDERED** that Defendant's Motion for Protective Order With Respect to Plaintiff's Second Notice of Rule 30(b)(6) Deposition Duces Tecum [18] is **GRANTED** as follows:

a.    Plaintiff's second Notice of Taking Deposition Duces Tecum of Defendant's Designated Representative Pursuant to Fed. R. Civ. P. 30(b)(6), dated December 4, 2013, is stricken in its entirety; and

b.    Plaintiff must pay the reasonable expenses and attorney's fees incurred by Defendant as a result of bringing its second Motion for Protective Order. Defendants are ordered to submit to the Court a Bill of Costs itemizing the same within 10 days of this Opinion and Order, at which time the Court will determine the amount of costs

and fees for which Plaintiff is liable.

## NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: May 8, 2014         s/ Mona K. Majzoub
                           MONA K. MAJZOUB
                           UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: May 8, 2014         s/ Lisa C. Bartlett
                           Case Manager